UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――X

In re:
Yochanon & Rivkah Waldman                    Chapter 11
                                              Case No. 10-23283
    Debtors
―――――――――――――――――――――――X
Yochanon & Rivkah Waldman                    Adversary Case No.
    Vs.
Citi Mortgage, Corp.
―――――――――――――――――――――――X

## PARTIES

1. Plaintiffs, Yochanon & Rivkah Waldman are debtors herein and reside at 6 Thomas Court Monsey, New York 10952, and filed Chapter 11 in this court as case # 10-23-283 on 6/23/10.

2. Defendant Citi Mortgage Corporation, a mortgage lender, located at 1000 Technology Dr. O'Fallon, MO 63368, and filed claim #3 on 07/13/10 in the amount of $266,877.17 for a mortgage on an income property of the estate located at 56 Burda Lane, New City, NY.

## FACTS

3. In Mid-2006, Yochanon & Rivkah Waldman, purchased property at 56 Burda Lane, New City, NY (the property) for the purpose of selling the property.

4. The Plaintiffs decided to do some home improvement on both the interior and exterior of the property to get the highest and best price.

5. On September 29, 2006, the Plaintiffs got approved for a fixed rate mortgage for the property in the amount of $266,877.17 from November 2006 to be paid in monthly installments of $2,893.00 at the rate of 7.25 % from Citi Mortgage.

6. The Plaintiffs, paid $ 2,893.00 a month, on time, on the first of the month, until the mortgage company raised the interest rate, without notice to approximately $8,000.00 per month in April 2009.

7. Approximately October 2009, the Defendant, without any notice whatsoever and without permission, changed the locks to the house.

8. Further the defendant, shut off the utilities also without permission or notice and as a result the water pump was shut off, which caused a flood, ensuing mold to form, and has made the property uninhabitable, precarious, unlivable, and unsellable. As a result the value of the property at the value of the property as of the filing date of $100,000.00

## COUNT ONE
## TRESPASSING

9. Defendant repeats and realleges paragraphs 1-8 above.

10. Defendant trespassed on Plaintiffs' property with an intentional entry without permission.

11. Defendant is liable for all damages that occurred due to their trespassing.

12. Plaintiffs suffered damages in the amount of $ 500,000.00.

## COUNT TWO
## BREACH OF CONTRACT

13. Defendant repeats and realleges paragraphs 1-12.

14. Defendant had a contractual obligation to allow Plaintiff uninterrupted use and enjoyment of the property.

15. The defendant breached its contract with Plaintiffs, by entering the property without permission of the Plaintiffs.

16. Plaintiffs Suffered damages in the amount of $500,000.00.

## COUNT THREE
## TOURTOUS INTERFERENCE OF CONTRACT

17. Defendant repeats and realleges paragraphs 1-16.

18. Defendant tortuously interfered with Plaintiffs contractual rights to the unrestricted rights to the property. Defendant had a contractual obligation to allow Plaintiff uninterrupted use and enjoyment of the property.

19. Willfully, the defendant tortuously interfered with the contract with Plaintiffs, by shutting off the utilities for the house without permission of the Plaintiffs.

20. Plaintiffs suffered damages in the amount of $1,000,000.00.

## COUNT FOUR
## NEGLIGENCE

21. Defendant repeats and realleges paragraphs 1-20.

22. Defendant negligently trespassed on Plaintiffs' property and negligently turned off utilities without permission to do so, with total disregard of consequences to Plaintiffs.

23. As a result of Defendants actions, water pump was shut off, which caused a flood and ensuing mold to form, and has made the property uninhabitable, precarious, unlivable and unsellable resulting in decreased value.

24. As a direct and proximate result of Defendants' acts, Plaintiffs has suffered damages, past, present, and future together with costs and attorney fees incurred in obtaining relief from Defendants' wrongful acts.

## COUNT FIVE
## MODIFICATION OF MORTGAGE

25. Defendant repeats and realleges paragraphs 1-24.

26. As a result of Defendant's acts, the value of the property and of filing date is $100,000.00. Pursuant to 1325 and 1322 the loan may be modified to secured value of $100,000.00 and unsecured of $166,877.17

**WHEREFORE** Plaintiffs demands judgment in the amount of their actual damages, punitive damages, declaratory relief, costs and attorney fees and such other relief as the Court finds appropriate.

A. Actual damages as proven at trial, on each and every claim;

B. Punitive damages;

C. Injunctive relief;

D. Statutory damages, where applicable;

E. Costs and reasonable attorney fees; and

F. For such other and further relief as may be just and proper

December 24, 2010      ____/s/_____

Spring Valley, New York

    Law Office of Bleichman and Klein
    Joshua N. Bleichman Esq.
    Attorney for Plaintiffs
    268 West Route 59
    Spring Valley, NY 10977